02-10-286-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00286-CR

 

 


 
 
 Miguel Castellano Garcia
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Miguel Castellano Garcia of felony driving while
intoxicated (DWI), assessed his punishment at ten years’ confinement, and
recommended that imposition of his sentence be suspended and that he be placed
on community supervision for ten years.  The trial court sentenced him
accordingly.  In a single point, Appellant challenges the sufficiency of the
evidence to prove beyond a reasonable doubt that he was the operator of the
vehicle involved in the collision leading to his DWI arrest.  Because the
evidence is sufficient to show that Appellant was operating the vehicle while
he was intoxicated, we affirm the trial court’s judgment.

On
January 8, 2009, Lake Worth police officer Matt Rietfors investigated a two-car
wreck.  When Rietfors arrived at the scene, Appellant was sitting in the
driver’s seat of one of the vehicles, a Dodge Dakota, and talking to a
fireman.  Rietfors noticed that Appellant’s breath had an odor of alcohol, his
speech was slurred, and his eyes were glassy and bloodshot.

Rietfors
asked Appellant to step out of the truck and produce his driver’s license. 
Appellant got out of the truck but refused to produce his license.  After
conducting field sobriety tests, Rietfors concluded that Appellant was
intoxicated and arrested him.

At
trial, Rietfors testified that the other driver involved in the wreck had indicated
that Appellant had been driving the truck.  Rietfors also testified that
Appellant owned the truck and had no other passengers in the truck with him.

Appellant’s
sole argument is that the State failed to prove beyond a reasonable doubt that he
was the operator of the Dodge Dakota involved in the wreck leading to the DWI
arrest.  He does not contend that he was not intoxicated at the time the
vehicle was being operated.  A person commits the offense of DWI if the person
is intoxicated while operating a motor vehicle in a public place.[2]

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.[3]

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.[4] 
The trier of fact is the sole judge of the weight and credibility of the
evidence.[5] 
Thus, when performing an evidentiary sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the factfinder.[6]
 Instead, we Adetermine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.”[7]  We must presume
that the factfinder resolved any conflicting inferences in favor of the verdict
and defer to that resolution.[8]

The
standard of review is the same for direct and circumstantial evidence cases;
circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.[9]

This
is an unusual case in that the State proved that Appellant was operating the
vehicle by relying solely on hearsay and circumstantial evidence.  No one who
actually saw the wreck testified at trial.  Rietfors did not see the wreck and,
consequently, did not see who was operating either vehicle.  He saw Appellant
sitting behind the wheel of the Dodge Dakota, alone in the truck, when he
arrived on the scene, but the engine was not running.  The driver of the other
vehicle involved in the wreck had told Rietfors that Appellant was driving the
Dodge Dakota at the time of the wreck, and Rietfors relied on this information and
relayed it to the jury at trial.  Appellant did not object to the hearsay
testimony but rather elicited the evidence from Rietfors.

Applying
the appropriate standard of review, we hold that the evidence is sufficient to
allow a rational trier of fact to find that the State had proved beyond a
reasonable doubt that Appellant operated the vehicle involved in the accident
leading to his DWI arrest.  We therefore overrule Appellant’s sole point and affirm
the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]Tex Penal Code Ann. §
49.04(a) (West 2011).





[3]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007).





[4]Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.





[5]See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[6]Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).





[7]Hooper v. State,
214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).





[8]Jackson, 443 U.S.
at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.





[9]Clayton, 235 S.W.3d
at 778; Hooper, 214 S.W.3d at 13.